**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1884

FRANK WASHINGTON, as Trustee of the Scott Cemetery,

Plaintiff – Appellant,

v.

INTERNATIONAL INVESTMENTS, LLC; PRINCE WILLIAM COUNTY; PRINCE WILLIAM COUNTY BOARD OF SUPERVISORS,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Rossie David Alston, Jr., District Judge.  (1:24-cv-01978-RDA-WBP)

Submitted:  April 24, 2026                          Decided:  May 27, 2026

Before RICHARDSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Patrick R. Corish, J. Chapman Petersen, CHAP PETERSEN & ASSOCIATES, PLC, Fairfax, Virginia; Ahmed J. Davis, Laura C. Whitworth, FISH & RICHARDSON, PC, Washington, D.C., for Appellant.  Robert Skoff, Deputy County Attorney, OFFICE OF THE COUNTY ATTORNEY, Prince William, Virginia, for Appellees Prince William County and Prince William County Board of Supervisors. Matthew A. Westover, Michael J. Kalish, WALSH, COLUCCI, LUBELEY & WALSH, P.C., Prince William, Virginia; Mark C. Looney, COOLEY LLP, Reston, Virginia, for Appellee International Investments, LLC.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Frank Washington appeals the district court's final judgment dismissing his second amended complaint for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and sua sponte denying him further opportunity to amend. *Washington v. Int'l Invs., LLC*, No. 1:24-cv-1978, 2025 WL 1919550 (E.D. Va. July 11, 2025).

Alleging that a cemetery exists on a parcel of property that Prince William County sold to International Investments, LLC to recover unpaid taxes, Washington sued the County, its board of supervisors, and International Investments in his capacity as trustee of the alleged cemetery. On appeal, Washington limits his arguments to three claims from the second amended complaint: (1) a claim that International Investments violated Virginia Code § 57-27.1, which provides a cause of action for certain individuals denied access to cemeteries located on private property; (2) an intentional infliction of emotional distress claim against International Investments; and (3) an inverse condemnation claim under the United States and Virginia Constitutions, premised on the County Defendants' sale of the property on which the cemetery is allegedly located. Washington contends that the district court legally erred in dismissing his Section 57-27.1 and inverse condemnation claims and requests permission to amend his complaint to sue on all three claims in his individual capacity rather than solely as trustee of the alleged cemetery.

We review the district court's Rule 12(b)(6) dismissal de novo. *Holloway v. Maryland*, 32 F.4th 293, 298 (4th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Holloway*, 32 F.4th at 298 (quoting *Iqbal*, 556 U.S. at 678). We review the district court's denial of leave to amend for abuse of discretion. *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).

After careful review of the record and the parties' briefs, we are satisfied that dismissal without leave to amend was appropriate. Washington cannot maintain a claim under Section 57-27.1 in his capacity as the alleged cemetery's trustee. *See* Va. Code § 57-27.1(A), (D). As for his inverse condemnation claim, Washington has alleged neither a constitutionally protected property interest nor a taking. *See Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998); *Johnson v. City of Suffolk*, 851 S.E.2d 478, 481 (Va. 2020); Va. Code § 57-27.1. Lastly, the district court did not abuse its discretion in denying further opportunity to amend because Washington did not move for leave to amend or file any proposed amendment with the court. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) ("Regardless of the merits of the desired amendment, a district court does not abuse its discretion 'by declining to grant a motion that was never properly made.'" (quoting *Cozzarelli*, 549 F.3d at 630–631)). The district court's judgment is

*AFFIRMED*.

4